In the Matter of HAROLD B. ABRAMSON, an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.

Second Department, October 12, 1971.

*Solomon A. Klein,* petitioner in person.

*Martin Rosenblum* for respondent.

*Per Curiam.* The respondent was admitted to the Bar on June 3, 1931, at a term of the Appellate Division of the Supreme Court in the Second Judicial Department. He is charged with professional misconduct in six specifications (hereinafter referred to as Specifications A, B, C, D, E and F) as set forth in paragraph " Seventh " of the petition. By order of the court dated July 10, 1970, the issues were referred to Honorable JOSEPH H. HAWKINS, a Justice of the Supreme Court, to hear and to report.

In Specification A it was charged that the respondent willfully and knowingly attempted to evade and defeat a large part of the income tax due and owing by him and his wife to the United States of America for the year 1959 by filing a false and fraudulent joint income tax return in which he misstated their joint taxable income. In Specifications B and C it was charged that. the respondent filed joint income tax returns on behalf of himself and his wife wherein he falsely stated their joint taxable income for the years 1960 and 1961. In Specifications D and E the respondent was charged with having compromised the negligence claims of two infants for $200 and $300, respectively, without obtaining court orders approving the settlements or the amounts of his fees. A further specification was added at the hearing by way of amendment of the petition, without objection, in which the respondent was charged with having compromised the negligence claims of another infant for $450 without obtaining court approval. Finally, Specification F charged that the respondent had failed to file with the Judicial Conference at least 58 closing statements as required by the rules of this court.

Specifications A, B and C were included in a three-count indictment in the United States District Court, Northern District of New York. The respondent pleaded guilty to the first count, the substance of which constituted Specification A. As a result he was adjudged guilty, as stated in the judgment, of "wilfully attempting to evade a large part of the income tax due for the calendar year 1959 by filing false and fraudulent income tax return, in violation of Section 7201 IRC Title 26 USC 7201". The imposition of a jail sentence was suspended. He was fined $10,000 and placed on probation for a period of five years. As a special condition of his probation, the respondent was directed to pay all income taxes, interest and penalties for the years 1959, 1960 and 1961 within 90 days after the same would be finally fixed and determined. This condition was complied with and the fine was also paid.

Justice HAWKINS found that the respondent was not guilty of moral turpitude or willfulness as to these specifications — that he was negligent, but that such negligence was not gross. Implicit therein is a finding that the charges contained in these specifications were not sustained. As to Specifications D, E and F and the added specification above noted, Justice HAWKINS found that they were sustained. Implicit therein is a finding that the acts of commission and omission therein faulted were intentionally and knowingly committed.

The respondent now moves for an order confirming the report and providing minimum disciplinary sanctions. The petitioner cross-moves for an order (1) confirming the report with respect to Specifications D, E and F, (2) disaffirming the report with respect to Specifications A, B and C, (3) determining that Specifications A, B and C were sustained, and (4) imposing such discipline as the court may deem just and proper.

We are in accord with the foregoing findings with respect to Specifications D, E and F and the added specification. However, with respect to Specifications A, B and C, we are of the opinion that the evidence adequately justifies a finding that the acts therein charged were intentionally and knowingly committed and reflected moral turpitude and willfulness on the part of the respondent.

Accordingly, we confirm the findings with respect to Specifications D, E, F and the added specification, and disaffirm those with respect to Specifications A, B and C. We conclude that (1) the respondent's motion should be granted insofar as it seeks confirmation of the report with respect to Specifications D, E, F and the added specification, and otherwise denied, and (2) the petitioner's cross motion should be granted.

We note Justice Hawkins' comments with respect to the respondent's "excellent prior record * * * [and] reputation in his community." Predicated thereon and on all the other relevant facts and circumstances presented in this case, we deem the respondent's suspension from the practice of law for a period of six months, commencing November 15, 1971, to be a just and proper measure of discipline, and direct that an order to that effect be made.

Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.

Respondent's motion granted insofar as it is to confirm the report as to Specifications D, E, F and an added specification and otherwise denied. Petitioner's cross motion granted. Respondent is suspended from the practice of law for a period of six months, commencing November 15, 1971.